**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**FAAI'U FIU aka HANA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 102-00

April 5, 2005

Before RICHMOND, Associate Justice; LOGOAI, Chief Associate Judge; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Julie Sione, Assistant Attorney General
For Defendant, Andrew Stave, Assistant Public Defender

## ORDER DENYING MOTION FOR NEW TRIAL
## BASED ON ALLEGED JURY MISCONDUCT

The Appellate Division of this Court, in *Fiu v. American Samoa Gov't,* AP No. 7-01, remanded this action to this Court for an evidentiary hearing on alleged jury misconduct and, if warranted by the evidence, for a new trial on the charges of rape, sexual abuse in the first degree, and kidnapping against Defendant. We conducted the hearing on February 14, 2005. Defendant and both counsel were present.

Having heard testimony and considered the evidence, we hold there was no jury misconduct and therefore deny Defendant Faai`u Fiu ("Fiu") a new trial.

### Discussion

■ If a jury in a criminal case obtains information not admitted into evidence, then the government has the burden to prove beyond a reasonable doubt that there is "no reasonable possibility that extrinsic evidence material could have affected the verdict." *United States v. Keating,* 147 F.3d 895, 902 (9th Cir. 1998).

Fiu raised, and consistently pursued through the February 14, 2005 evidentiary hearing, a single factual basis of alleged jury misconduct. An alleged post-trial conversation between Defendant's trial counsel Asaua Fuimaono ("Fuimaono") and juror Elizabeth Puletasi ("Puletasi") forms the factual basis for the claimed misconduct. The conversation, as initially described, is as follows:

> Mr. Fuimaono asked Ms. Puletasi if she would tell him what influenced the jury to return its verdict of guilty in the case because in Mr. Fuimaono's estimation the Government's case was rather weak. Ms. Puletasi informed Mr. Fuimaono that she felt sorry for Mr. Fuimaono because the jury was pretty much convinced the defendant was guilty due to their knowledge of the defendant and his reputation. She specifically stated the jurors knew the defendant had a reputation as a womanizer and that he had gotten women pregnant out of wedlock.

Motion for New Trial at 2. There is no other allegation that the jury may have improperly considered any other extrinsic information during its deliberations or engaged in any other misconduct.

Puletasi testified at the February 14, 2005 hearing. She unequivocally and consistently denied that, after the jury retired to deliberate on the verdict, any juror stated in the presence of any other juror that Fiu was reputedly a womanizer and had impregnated two women out of wedlock. She denied that any such extrinsic information caused her to feel sorry for Fiu or at least implicitly Fuimaono. Puletasi further denied saying anything along these lines to Fuimaono after the trial.

Fuimaono testified that he had a post-trial discussion with Puletasi during which she made the statements used as the basis for the jury's alleged consideration of extrinsic information about Defendant's ways and character.

Because of Fuimaono's testimony, Fiu urges us to give no credence to Puletasi's testimony and therefore to disbelieve Puletasi's denials of the alleged juror's knowledge of extraneous information. Impeachment by prior inconsistent statements always puts some question into a witness' truthfulness, but it does not require a factfinder to totally disregard the witness' testimony. Puletasi was in the jury room during the jury's deliberations. Fuimaono was not there. Puletasi's demeanor as a witness was in no way evasive. Rather, she testified in a straightforward, positive and persuasive manner. No other juror's testimony was offered to dispute Puletasi's testimony. Evaluating the entire relevant circumstances, we find that Puletasi was a credible witness and that the jury was not informed of the alleged extrinsic information about Fiu's ways and character.

We therefore conclude that jury misconduct, either as alleged by Fiu or in any other manner, did not occur in this action.

### Order

Having determined that there was no jury misconduct, we deny Fiu's motion for a new trial. It is so ordered.